Eastern District.
*March*, 1830.

McMICKEN
*vs.*
FICKLIN'S
ESTATE.

*McMICKEN vs. THE ESTATE OF FICKLIN.*

AN attorney for absent heirs cannot resign without the leave of the court.

No proceedings can be had by the creditors of a vacant estate to establish their claims, till a curator be appointed to it, or the estate be insolvent, and a syndic or syndics be legally appointed.

APPEAL from the court of probates for the parish of West Feliciana.

A copartnership, which had existed between the plaintiff and defendant, was dissolved in 1817, by mutual consent, and the plaintiff put in possession of the books, for the purpose of collecting the debts and settling the affairs of the partnership. Ficklin afterwards died, leaving a vacant estate. On the 22d. of January, 1828, the plaintiff, by a petition to the court of probates, prayed the appointment of auditors or referees to examine the affairs of the partnership and make a true report of its state and condition. He further prayed for the appointment of an attorney for the absent heirs of the defendant, and a judgment for such sum as the referees should report in his favor. Referees were appointed on the 6th of February, and made their report, finding the sum of $969 60 due from the estate of defendant to the plaintiff, the

Eastern District.
*March,* 1830.

McMICKEN
*vs.*
FICKLIN'S
ESTATE.

latter prayed for the appointment of a syndic, and that the proceedings of the referees be homologated, which took place on the 21st February, notwithstanding the opposition of the attorney for the absent heirs, who then appealed.

*Watts,* for the appellant, urged the following points:

1. There never was any legal defensor to the suit—it was not a case for the appointment of a syndic.

2. The proceedings were irregular and *ex parte,* no time or place of meeting of the creditors was fixed—no notice of it. The creditors were not named, nor whether they were present or absent.

3. The referees made their report *ex parte.*

4. They acted on *ex parte* testimony.

5. The opposition of the attorney for the absent heirs ought to have been sustained.

*McCaleb,* for the appellee, contended that the attorney for the absent heirs had no power to take the appeal, having by his own showing resigned his functions.

MARTIN J. delivered the opinion of the court. On the 26th of January, 1828, the plaintiff, surviving partner of the deceased,

with a view of establishing a claim against Eastern District.
*March*, 1830.

McMicken
*vs.*
Ficklin's
Estate.
the estate, prvokoed the appointment of referees to examine and report on an account which he produced, and an attorney to the absent heirs.

The referees made their report on the fourth of February following. On the 19th, a meeting of creditors, composed of the plaintiff and another, appointed a syndic and the proceedings were homologated on the 21st.

The report of the referees, appointed by the syndic, was homologated on the 21st of May, notwithstanding the opposition of the attorney of the absent heirs, and the plaintiff was recognized as a creditor of the estate for nine hundred and sixty-nine dollars and sixty cents.

The attorney for the absent heirs appealed.

The appellees counsel have prayed that the appeal be dismissed on a suggestion that the attorney for the absent heirs was without authority, having lately resigned the appointment.

It appears that the attorney offered his re-  An attorney for absent heirs cannot resign without the leave of the court.
signation, but it does not appear that it was accepted, and the Code has an express provision which prevents such an officer from resigning without the leave of the court.

Eastern District.
*March,* 1830.

McMicken
*vs.*
Ficklin's
Estate.

The appellant has assigned errors on the face of the record.

1. That there was no legal defensor to the estate in the present suit, the present not being a case in which a syndic could be legally appointed.

2. The proceedings were irregular and *ex parte*—the judge had fixed no time and place for the meeting of creditors, and there was no advertisement of it.

3. The referees made their report *ex parte;* no notice being given of the time and place of their meeting.

4. They acted on *ex parte* testimony.

5. The opposition of the attorney of the absent heirs ought to have been sustained.

We are of opinion the first assignment of error is conclusive.

No proceedings can be had by the creditors of a vacant estate, to establish their claims till a curator be appointed to it; or the estate be insolvent and a syndic or syndics be legally appointed.

In the present case the estate does not appear to be insolvent. The judge ordered a meeting of creditors without stating the time

or place of their meeting, and all their proceedings teem with irregularities and errors.

It is therefore ordered adjudged and decreed that the judgment of the court of probates be annulled, avoided and reversed with costs in both courts.