## AUBRY ET AL. *vs.* CAJUS, EXECUTOR, &c.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The intentions of the testator, as expressed in the will, should be carried into effect. But this instrument should be so construed, if possible, as to give meaning and effect to every clause, phrase and word. If contradictory phrases and expressions are used, so absolute in their different meanings as to be irreconcileable, one or the other must yield.

So, where a testatrix bequeathed certain specific legacies to her niece, and a moiety of all her moveable and immoveable property at her decease, instituting her niece a legatee, by a particular and general title; and the balance of her property she wills to the four children of her sister: *Held,*

that both sets of legatees must be considered as claiming under universal titles, equal portions of the succession, and must both contribute equally to the payment of the particular legacies, debts and costs.

The fee of the counsel for absent heirs, will not be allowed and paid out of the mass of the succession, but should be charged to the portion of the absent heirs.

The plaintiffs, who reside in France, claim to be heirs and universal legatees, and entitled to one-half of the succession of veuve Magnon, who died in New-Orleans, and whose estate is administered by the defendant, as her testamentary executor. The testatrix, in her will, bequeathed to the four children of her sister Elizabeth Roche, the surplus of her property, after giving certain specific legacies and one-half of her moveable and immoveable property to her niece of the second degree, Madame Cajus, wife of the defendant. Three of the children of Elizabeth Roche are plaintiffs. They claim, as universal legatees, one-half of the succession of the testatrix. The Probate Judge, after hearing the parties, decreed that Madame Cajus was entitled to *one-half* of the succession absolutely, and that the plaintiffs be recognised as universal legatees, and that they recover only the balance of the succession, according to an account rendered; the costs to be borne by the succession.

The plaintiffs appealed from this decree.

*Denis,* for the plaintiffs.

1. The only question in this case is, whether the plaintiffs, as universal legatees, are entitled to one-half of the succession, and Madame Cajus, wife of the defendant, to the other equal half? or whether Madame Cajus is only entitled to half of the proceeds of the succession, and the plaintiffs to the other half, after paying the legacies and debts out of it?

2. The plaintiffs are entitled as universal legatees, to one-half of the succession; the whole amount of debts, particular legacies and costs being first deducted and paid from the mass.

*J. Seghers*, for the defendant.

1. It is contended that Madame Cajus is not a legatee, but an heir, and that as such she is not entitled to receive her legacy, which must be left to be equally divided with the balance of the succession, between her and the plaintiffs. The will shows Madame Cajus is not heir, but a legatee by particular and general title, and that she is entitled to receive a determined and specific portion, which was bequeathed to her.

2. From the will it clearly results, that the intention of the testatrix was to put Madame Cajus on a footing with the other legatees, who have been paid in preference to the plaintiffs.

3. The plaintiffs are not forced heirs, and might have been deprived by the testatrix of the whole of her estate. They cannot therefore complain, if Madame Cajus was more favored by the testatrix, having taken care of her in her old age, while they were living far from her, in a foreign land.

*Mathews, J.*, delivered the opinion of the court.

This case presents a single question for decision, depending on the proper and legal interpretation of the will of the deceased. It contains several specific legacies, the amount of each being ascertained, leaves no difficulty as to the *quantum* which must be deducted from the mass of the succession bequeathed to certain legatees, who are to take under general titles.

The question is, whether the debts and specific legacies shall be deducted from the entire estate left by the testatrix, and the balance be equally divided between the plaintiffs and the wife of the executor, who is a legatee both of specific objects, and of one-half of all the property which was left by the deceased at the time of her death, as contended for by the plaintiffs? or whether the whole succession should be divided in such a manner, as to place the burthen of the specific legacies on the portion left to them, considered alone as residuary legatees? The solution

EASTERN DIST.
*March*, 1835.

AUBRY ET AL.
*vs.*
CAJUS, EX'R. &c.

The intentions of the testator as expressed in the will, should be carried into effect. But this instrument should be so construed, if possible, as to give meaning and effect to every clause, phrase and word. If contradictory phrases and expressions are used, so absolute in their different meanings as to be irreconcileable, one or the other must yield.

So where a testatrix bequeathed certain specific legacies to her niece, and a moiety of all her moveable and immoveable property at her decease, instituting her niece a legatee by a particular and general title ; and the balance of her property she wills to the four children of her sister: *Held*, that both sets of legatees must be considered as claiming under

of this question depends upon the construction which ought to be given to the two last clauses of the will.  They are expressed in the following terms : " *Je donne et légue à ma nièce au second dégré, Marie-Elisabeth Paillet, épouse de Mr. Jean-Baptiste Cajus, mon armoire, mon linge et mes bijoux, sans aucune reserve : plus, je donne et légue à ma dite nièce etc. la moitié de tous les biens de nature mobiliaire et immobiliaire que je délaisserai au jour de mon décès, l'instituant ma légataire à titre particulier et à titre général, de la portion des biens dont se compose la présente disposition. Et pour le surplus de mes biens, je les donne et légue aux quatre enfans de l'un et de l'autre sexe de ma sœur Elisabeth Roche,*" etc.

The judge of the court below, in interpreting these clauses of the testament, seems to have arrived at a conclusion by which he decreed to the person first named as legatee, under a particular and general title, one-half of the entire succession, without deduction of the special legacies, considering her, in relation to the one-half of the property left at the decease of the testatrix, as a particular legatee.  From the decree thus made, the plaintiffs appealed.

The matter is not without difficulties calculated to produce doubts.  But we are of opinion that the court below erred in its judgment.  It is the duty of courts of justice to carry into effect the intention of a testator as expressed in his last will.  To ascertain what was really intended is often difficult, in consequence of the want of legal precision in the mode of expression used by the writer of a testament.  In the present instance we are unable to discover any thing tending to create ambiguity and uncertainty, except the double and apparently contradictory phrases in the clause which makes the donation to Madame Cajus.  It contains a specific and general legacy, and concludes by declaring that the bequest is made under a particular and general title.  Rules of construction, in relation to laws and instruments in writing, require, if it is possible, to give meaning and effect to all the words and phrases used in them; but when contradictory expressions are used, so absolute in their different meanings as to be irreconcileable in reference to the same thing, one or

the other must yield.   In considering the clause of the will in question, we are not compelled to invalidate either of the phrases, particular title or general title.   The first may be considered as having reference to the specific legacy, given to the same person and in the same clause ; and the last to that which was general in its nature, being an undivided half of the succession, &c.   Considered in this light, no good reason offers itself to our minds, in consequence of which a distinction should be made between the situation of the present parties litigant, as claimants under the will.   They must both be considered as claiming under universal titles, equal portions of the succession, and standing in this relation to the inheritance, they must both contribute equally to the payment of the particular legacies.   *Louisana Code, articles* 1604, 1606, 1627 *and* 1700.

Eastern Dist.
*March,* 1835.

Aubry et al.
*vs.*
Cajus, ex'r. &c.
universal titles, equal portions of the succession, and must both contribute e-qually to the payment of the particular lega-cies, debts and costs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided and reversed, and that the plaintiffs recover of the defendant, the sum of seven thousand six hundred and fifty-one dollars twenty-seven and one-half cents, being three-fourths of the net half of the estate, after deducting from the mass the debts, charges of administration, and the specific legacies, except the fee of counsel for absent heirs ; the costs below to be borne by the succession, and those of the appeal to be paid by the appellees.

The fee of the counsel for ab-sent heirs, will not be allowed and paid out of the mass of the succession, but should be char-ged to the por-tion of the ab-sent heirs.