## MILLAUDON v. BEAZLEY.

An absentee. who owns property in this State specially mortgaged. may be proceeded against judicially by the mortgagee, on being represented by a curator *ad hoc.* C. C. 57. C. P. 116.

No amicable demand is required where the action is against an absentee. In such a case, it is impracticable.

A curator *ad hoc* appointed to represent an absentee may acknowledge service of citation and petition Such an acknowledgment is not a waiver of any right of the absentee.

The acknowledgment of a debt made by one of two debtors *in solido,* or the institution of a suit and recovery of a judgment against one of them, will interrupt prescription as to the other; but it will commence immediately after the interruption, to run again as to the latter.

APPEAL from the District Court of Ouachita, *Curry,* J. *R. W. Richardson,* for the plaintiff. *Baker,* curator *ad hoc,* for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff has instituted this action against the defendant *Beazley,* upon two joint and several promissory notes, payable to order, made by *Beazley & Day,* and secured by a special mortgage. He prays for a judgment for the amount remaining due, and for a sale of the undivided half of the hypothecated property owned by the defendant to satisfy the debt. The defendant being an absentee, a curator *ad hoc* was appointed by the judge below to represent him in the defence of the suit. On the 23d of December, 1844, the curator acknowledged service of the petition and citation. At the next ensuing term of the court he filed an exception, praying for the dismissal of the cause, on the ground that the appointment of a curator to represent the absentee was unauthorised by law, and pleaded further the want of amicable demand. The exception was overruled, and the cause continued until the next term of the court, for the purpose of enabling the curator to correspond with the absentee. After the expiration of this delay a plea to the merits was filed, and subsequently, in an amended answer, the prescriptions of one, three, and five years were specially pleaded. The defendant's plea of prescription was overruled, and the plaintiff having proved the execution of the notes, and exhibited in proof the mortgage on which the action is founded, a judgment was rendered in his favor for the amount of his demand, from which the defendant, by his curator, has appealed.

The objection made that the defendant could not be brought into court by a curator *ad hoc,* was properly overruled. The defendant owned property in the State, which was specially mortgaged to secure the plaintiff's claim, and in such cases our laws expressly permit absentees to be proceeded against judicially, upon being represented by a curator *ad hoc.* C. C. 57. C. P. 116. The plea of want of amicable demand was also correctly overruled. The defendant being an absentee such a demand was impracticable.

In addition to the defences specially set up in the pleadings, the curator *ad hoc* contends, in this court, that, as the representative of the absentee, he was without authority to waive a service of citation and of a copy of the petition; that there has been no service on him by which the defendant has been brought into court, or the prescription interrupted; and he relies upon the cases of *Hill* v. *Barlow,* 6 Rob. 142; *Carpenter* v. *Beatty,* 12 Rob, 540 ; and *Hyde* v. *Crad-*

*dick*, 10 Rob. 387. With regard to tho questions touching the authority of cu- rators *ad hoc* determined in those cases, we express no opinion. None of the cases cited decide the point presented in this suit. The curator in the present instance, as far as appears from tho record, waived none of the rights of the party whom he was appointed to represent. There was no waiver of citation nor of service of the petition, but tho written acknowledgment of the curator is that both were served upon him. The service thus acknowledged was made on the 23d of December, 1844, and at that date brought the defendant into court, and operated an interruption of tho prescription.

The first of the notes upon which this action is based, matured on the 1st of January, 1839, and the second on tho 1st of January, 1840. The service of citation we have said was made on the 23d of December, 1844, more than five years after tho maturity of the first note. Consequently prescription had accrued, as regards that note, prior to tho inception of this suit, unless an interruption within that time be shown. To establish such interruption the plaintiff relies on the acknowledgment made by the curator of the vacant estate of *Day*, one of the joint and several co-obligors, on the 13th of June, 1839, and on a suit also instituted against that curator on the 2d of October, 1838, for a sale of the mortgaged property, which resulted in a judgment on the 13th of the same month. If it be conceded, as contended for, that the acknowledgment in the one case, and the citation in tho other, interrupted the prescription, it commenced again immediately to run as to this defendant, and was completed before the commencement of the present action. The court below erred in overruling the plea of prescription, as regards the note which first matured. In relation to the second it was correctly disregarded.

The judgment of the District Court is therefore reversed. It is further decreed that the plaintiff recover of tho defendant the sum of $3,333 33⅓, with ten per cent interest from the 1st of January, 1840, until paid. It is further ordered that the plaintiff's mortgage be recognised and enforced on a tract of land situated in the town of Monroe, bounded by Grand street in front, and below by Grammont street, back by the Ouachita river, and above by a line about ten feet from the line dividing said premises from a lot of *John J. Cabeens*, and including the building known as the Monroe hotel, together with the other buildings and appurtenances, with the exception of a lot sold by *Henry O. McEnery* to *Samuel Kirby*, as described in the act of mortgage ; and that the undivided interest of one half, owned by said *Beazley* in said property, be seized and sold to satisfy said debt. It is further ordered that the defendant pay the costs of the court below, and the plaintiff the costs of this appeal.