## No. 6166.

### R. D. Sholars, Administrator, vs. Eliza Hardee et al.

Even if the sale of the property in controversy had been for Confederate money, the contract of sale was an executed contract, and under article 149 of the constitution of this State the purchaser would be protected.

APPEAL from the Seventeenth Judicial District Court, parish of Grant. *Orsborn*, J.  *Jack & Pierson*, for plaintiff and appellant.  *R. J. Bowman*, for defendants and appellees.

Ludeling, C. J.  This is a petitory action to recover a tract of land with the improvements thereon.  The defense is that the consideration of the sale was Confederate money, and that the contract of sale was incomplete for want of delivery of the property sold.

The evidence shows that a sale of the property in dispute was made to the plaintiff for $5500 in 1863; that $3000 of the price was paid in Confederate notes, and the remainder of the price, evidenced by two notes, was paid in United States currency.

It would seem to be immaterial whether delivery of the property was ever made to the purchaser or not, as delivery is not an essential in the contract of sale.

"Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price, and the consent." C. C. 2439.  But the evidence satisfies us that there was a delivery of the property to the vendee, and that he, through his agents, held possession until it was disturbed by the defendants in 1865.

Even if the sale had been for Confederate money, the contract of sale was an executed contract, and under article 149 of the constitution of this State the purchaser would be protected.  23 An. 394; 24 An. 103, 278.

The evidence shows that there are thirty-five acres of open or cleared

lands on the place, worth four dollars per acre per annum in rents. This the defendants owe from the first of January, 1866, till paid, with five per cent per annum interest from the maturity of each year's rent.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, and that there be judgment in favor of the plaintiff decreeing him, in his representative capacity, the owner of the lands and improvements described in the petition; that the petitioner be put in possession of the property; it is further ordered that there be judgment in favor of the plaintiff and against the defendants for the sum of one hundred and forty dollars annually from the thirty-first of December, 1865, till the first of January, 1876, with legal interest from the maturity of each year's rent till paid and costs of suit.