No. 960.

MRS. MARGARET E. WINTER AND HUSBAND VS. JOHN J. ATKINSON.

Defendant excepts to plaintiff's suit to annul a sale, on the ground that plaintiff has not tendered or offered to pay to defendant the whole of the taxes for which the property was sold, but only her *pro rata* thereof. Plaintiff was not required to tender the whole amount of the taxes paid by defendant. Her *pro rata* share thereof was quite sufficient.

It is not necessary that plaintiff should show title to all the property in a suit to recover her share thereof; besides, this is no cause to dismiss the suit. The question as to the validity or the extent of plaintiff's title will arise on the merits.

The fact that defendant held a tax-title did not preclude the succession sale of the share of the succession of Moss in the land in question.

A party in possession can not prevent a party holding an adverse title from selling it if he desires. Possession is not essential in the contract of sale.

The objection that defendant holds a deed from the Auditor, which is alleged to be a bar to this petitory action, is manifestly unfounded.

The evidence of a title, whatever it may be, can not be a cause to dismiss a petitory action. A trial of the rights of property can not be avoided by such a pretext.

A tax-title, if regular, is *prima facie* valid, under the present constitution ; but this will not prevent the owner from showing the invalidity thereof. If the sale by the tax-collector was radically defective, as alleged by plaintiff, the deed of the Auditor did not give validity to it. The case is remanded to be tried on its merits.

Mrs. Margaret E. Winter vs. Atkinson.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J.   R. S. *Perry*, for plaintiff and appellant.   D. *Caffery*, for defendant and appellee.

WYLY, J. Plaintiff and defendant are co-proprietors of a tract of land. Defendant took possession of the whole tract on the ground he purchased at tax-sale on the thirtieth of November, 1872, the shares of plaintiff in said land. Plaintiff now sues to annul this sale for informalities, alleging that the forms of law have not been complied with, and the tax-title is void.   Defendant excepted to the suit on the following grounds :

First—Plaintiff has not tendered or offered to pay to defendant the whole of the taxes for which the property was sold, but only her *pro rata* thereof.

Second—Plaintiff has not disclosed sufficient title to recover the whole of the property, and defendant can not be compelled to litigate his title in separate suits, there being another co-proprietor, who is not made party.

Third—Plaintiff discloses no sufficient title to the share claimed by her, the adjudication to her of the share owned by the estate of Moss being invalid because at the time defendant was in possession under his tax-title.

Fourth—The title which he holds from the Auditor is a complete bar to the suit, and covers all defects in the conveyance made by the tax-collector.

The court maintained this exception and dismissed the suit.   Plaintiff appeals.

We think the court erred.   Plaintiff was not required to tender the whole amount of the taxes paid by defendant; her *pro.rata* share thereof was quite sufficient.

It is not necessary that plaintiff should show title to all of the property in a suit to recover her share thereof ; besides, this is no cause to dismiss the suit ; the question as to the validity or the extent of plaintiff's title will arise on the merits.   The fact that defendant held a tax-title did not preclude the succession sale of the share of the succession of Moss in the land in question.   A party in possession can not prevent a party holding an adverse title from selling it if he desires.   Possession is not essential in the contract of sale.

The last objection, to wit : that defendant holds a deed from the Auditor, and that is a bar to this petitory action, is manifestly unfounded. The evidence of a title, whatever it may be, can not be a cause to dismiss a petitory action ; a trial of the rights of property can not be evaded by such a pretext.   A tax-title, if regular, is *prima facie* valid, under the present constitution ; but this will not deprive the owner from showing

the invalidity thereof. If the sale by the tax-collector was radically defective, as alleged by plaintiff, the deed of the Auditor did not give vitality to it. The exception must be overruled and the case remanded for trial on the merits.

It is therefore ordered that the judgment appealed from be annulled, that the exception be dismissed, and the cause remanded for trial on the merits according to law, appellee paying costs of appeal. .