## No. 1134.

### HEIRS OF W. E. FLY VS. ELI NOBLE ET AL.

An attorney-at-law, who represents an heir in the settlement of a succession, may legally be appointed ad hoc to represent another heir who is absent from the State.

An acknowledgment of service of judicial proceedings is not a waiver, but an admission of actual service. An opposition by such attorney, to the executor's account, objecting to items thereon, is in the nature of an answer and cures what irregularity may have existed, if any.

The appointment of such attorney by a district judge who once was the counsel of the executor, if irregular, is not void. That fact did not make him incompetent. He would become so when actually recused or recusing himself for cause.

The seizure of the interest of an heir in the property composing the succession in which he inherits, is legal, and the adjudication thereof conveys title.

Fly vs. Noble et al.

A PPEAL from the Fifth District Court, Parish of Ouachita.
Morgan, J. ad hoc.

### Potts & Hudson for Plaintiffs and Appellees :

1.  In every succession in which some of the heirs are absent, an attorney for absent heirs should be appointed.  R. C. C., 1210, 1661.

2.  Especially is this the case where the will and application to probate it shows that one of the test heirs is an absentee.  R. C. C. 1661,

3.  His duties are to "assist for them at the inventory," "to inform, with all possible diligence, those whom he represents, of the opening of the succession, and to correspond with them ;" " to take care of their interests and to oppose everything which may prejudice the same."  R. C. C., 1661, 1662, 1210, 1211. 1212.

4.  Where, in a perfectly solvent succession, the executor files his final account and asks judgment, in his favor, against the heirs, they are entitled to citation.  In such case the publication of notice in the newspaper binds neither the heir present nor absent.  10 Ann. 674; 11 Rob. 120 ; 2 L. 147 . 33 Ann. 972.

5.  The curator ad hoc cannot waive notice or citation, and cannot legally appear in court to represent the absentee till regularly cited   6 R. 142; 12 R. 540; 28 Ann. 258; 14 Ann. 3

6.  A judgment against a person not legally cited is absolutely null and void.  C. P. 612; 33 Ann. 615; 34 Ann. 1063; Freeman on Judgments, §§ 117, 118. 133, 144 146.

7.  A husband can have no valid claim against the succession of his deceased wife for services rendered her during marriage.  33 Ann. 1317, 1331 ; Succession of Ames.

8.  An appointment of a curator ad hoc by an incompetent judge is null and confers no authority to act.  14 Ann. 3.

9.  A joint owner of the judgment can neither be appointed nor act as a curator ad hoc, for the absent defendant, against whom the judgment is to be enforced.  31 Ann. 394,

10.  If the succession be closed by the homologation of the final account of the executor, then the absent heir cannot be proceeded against by appointment of a curator ad hoc. 4 Ann. 187; 35 Ann. 1185; 99 M. S. 362; 98 M. S. 476 ; 95 M. S. 714 ; 36 Ann , Bracey vs. Calderwood.

11.  The undivided interest of an heir in a particular piece of property belonging to the succession of his ancestor cannot be seized under execution.  The sheriff must seize the interest in the whole succession or nothing.  31 Ann. 742.

12.  Notice of seizure must be given to the debtor or his legally appointed agent or attorney, and its neglect annuls the sale.  C. P. 654; 8 R. 152; 11 R. 47; 6 Ann. 531; 5 Ann. 737; 11 Ann. 252.

### Boatner & Boatner for Defendants and Appellants :

Fraud is never presumed, and the burden is on the party so alleging.  Hen. 1 Vol. 487.

The duties of a curator ad hoc for absent heir does not terminate with discharge of the executor.  2 Ann. 1010 ; 1 La. 47; 13 Ann 263; 6 La. 656.

The judge whose connection with a litigation has been long terminated by the homologation of the final account in which the executor has been discharged, may appoint an attorney for the absent heir to receive notice of seizure.  10 Ann. 612.

The curator for an absent heir may acknowledge service of the petition and final account of the executor after accepting the appointment, and such an acknowledgment will not be a waiver of the rights of the absent heir.  2 Ann. 619.

In a suit to annul a judgment and a sale thereunder, no other grounds of nullity will be noticed than that set forth in the petition.

When an executor files his final account and asks for the appointment of an attorney for an absent heir, no citation to the heir is necessary, and he will be bound by the acknowl-

edgment of service of the petition and account made by the curator so appointed, and the appearance of the curator in the proceedings.

Plaintiffs who sue as heirs of the deceased absentee, who is heir under the will, must prove that the person whose rights they inherit was alive at the time of the tutatrix's death.

Such fact must not be left to conjecture, but must be fixed by certain evidence, and the burden of proof is on the plaintiff.

The attorney for absent heirs cannot have them recognized; such recognition must be sought contradictorily with him. 12 R. 413.

The plaintiffs claiming a legacy by inheritance from W. E. or W. B. Fly, must prove that Fly was alive at the date of the death of the tutatrix, and has died since. If not alive at the death of the tutatrix, the legacy lapsed.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an action by heirs to annul a judgment rendered against their *de cujus*, W. E. Fly, during his absence from the State, and also to avoid the sale of his property made under it. Prayer is further made for rents and revenues and for a partition of the estate of the deceased, Mrs. Noble.

The suit is brought against the judgment creditor, Eli Noble, and the transferree thereof, Mrs. Watt, who subsequently became adjudicatee of the property.

They deny the pretensions of plaintiffs, aver the validity of the judgment, of the transfer and of the sale.

The district judge recused himself and appointed an attorney to act as judge *ad hoc*, who rendered in favor of the plaintiffs a judgment from which the defendants appeal.

The judgment attacked was rendered on an opposed account presented in the succession of Mrs. Noble, the grandmother of the *de cujus*, who was her forced heir for one-fourth of her estate, the remaining three-fourths accruing, under the law and the will of the testatrix, to her daughter, Mrs. Watt.

On that account the executor, who was the surviving husband of the testatrix, had placed himself as a creditor for $2400 for services rendered his wife in the administration of her property and for further sums.

In view of the absence of the grandson Fly from the State, a curator *ad hoc* was appointed to represent him in the matter.

The daughter, Mrs. Watt, and the curator *ad hoc* opposed the account and specially the *items* in favor of the executor.

After trial, judgment was rendered in January, 1879, in several respects, and specially recognizing the opposed claims of the executor to the extent of $3007 48, with interest, one-fourth whereof, $751 82, and interest to be paid by the absentee, Fly; the remaining three-

fourths by the other heir, Mrs. Watt. An appeal from this judgment by Mrs. Watt having been abandoned and none having been taken on behalf of Fly, the judgment becoming executory, steps were taken for its enforcement against him.

The curator *ad hoc* originally appointed was again charged by the court with representing further the absentee.

The interest of the latter in the real property composing the succession of his grandmother, was then seized, advertised, appraised and adjudicated on July 17, 1880 to his co-heir, Mrs. Watt, to whom the executor had donated the judgment in his favor.

Numerous grounds are set forth to seek the nullity of the judgment, of the proceedings attending and following it, particularly the sale of the property.

They appear to be :

1. That the attorney appointed to represent the absent heir could not be entrusted with that duty, as he was the counsel of the other heir and has waived service of necessary proceedings.

2. That the claim of the executor and the allowance of it is illegal as prohibited.

3. That the judgment was framed so as to favor the preferred heir, to the prejudice of the absentee.

4. That the appeal taken by Mrs. Watt and the curator *ad hoc* was fraudulently abandoned.

5. That the curator *ad hoc* had interests in conflict with those of the absent heir for the collection of the fee of $100 allowed him as cost in the proceedings for his services.

6. That the appointment of the curator *ad hoc* was made by the district judge on suggestion, and that the district judge, who once was the counsel of the executor, should have recused himself and not acted in the matter.

7. That the proceedings were carried on with great haste and the property appraised far below its value.

8. That the property was bid in for less than the writ is credited with, and that the entire interest of Fly in his grandmother's succession should have been seized.

We do not propose to deal with those grounds of complaint *seriatim*, but will consider them under four heads and substantially in the order in which they were presented in argument.

I.

The fact that the attorney appointed to represent the absentee was the counsel of the other heir, was no legal impediment. There ex-

isted no difference or clash of interest between the respective interest of the parties, save as to the proportion of inheritance, which was indisputable and undisputed. This is evidenced by the telling circumstance that the account presented by the executor and on which he had placed himself as a creditor was opposed alike in the name of the two heirs. The interest of the one was that of the other, both being concerned in resisting what they thought were unfounded claims against the estate, so as to increase the residue to be shared by them according to their respective proportion to it.

The curator *ad hoc* does not appear to have waived service of necessary proceedings. He acknowledged service of the petition and citation for the homologation of the account. The acknowledgment implies an admission of actual service. The opposition subsequently filed by him is in the nature of an answer and cures what irregularity, if any, existed. 2 Ann. 916.

## II.

The validity of the claim set forth in the account in favor of the executor and allowed by the judgment, cannot be inquired into. The conclusion of the court on it, constitutes *res judicata*.

If there was error in the allowance and in the recognition of the rights set up by Mrs. Watt, the appeal taken should have been prosecuted. It was abandoned. Parties are not bound to appeal, or where they have done so, to prosecute their appeals. They have the right to waive the same and even to discontinue in the appellate court, with the consent of the appellee.

The curator *ad hoc* may have had good reasons not to appeal and even not to prosecute the appeal. He may have considered the claim as justly allowed and was under no personal obligation to make money advances to pursue matters further, after judgment.

The fact that a fee was allowed him for his services, is no disqualification to his representing the absentee. The law allows retribution in such cases. If such allowance could disqualify, no absentee could then be represented by a curator *ad hoc*. 8 La. 47; 17 La. 425.

## III.

It is immaterial that the name of the attorney to be appointed curator *ad hoc* was or not suggested. The court made the appointment and this suffices.

If it be true, as charged, that the district judge should not have made the appointment of a curator *ad hoc* and should have recused himself as having been the executor's counsel in the settlement of the

estate of Mrs. Noble, the fact that he did not thus recuse himself, in the absence of any founded opposition to his action, did not render him incompetent.

A judge truly becomes disqualified only when he has been actually recused, or when he has recused himself, for cause. 2 Ann. 628; 10 Ann. 612; 34 Ann. 629.

## IV.

The proceedings were regularly and fairly conducted by gentlemen occupying a high standing at the bar, for respectability and ability, and whose character is far above suspicion. The charges made against them are, not only not established, but disproved, and are frivolous on their face.

## V.

That the writ was credited with more than the property was bid in for, can surely be no cause of complaint. The error, if any was committed, is rather beneficial than detrimental. But there was no such error. The property was adjudicated for $917 and not $717.

The property was regularly appraised and nothing shows, if the appraisement was for less than its real value, that it was thus appraised with any fraudulent intent and to injure the absentee.

The interest of the absent debtor in the succession of his grand mother was of one fourth, his legitime by representation of his deceased mother. Those who now claim to be his heirs cannot be listened to complain that more was not seized than could have been. They cannot require impossibilities. The seizure and adjudication of that share passed title to it to the judgment creditor, Mrs. Watt, who must be quieted therein.

We are satisfied, as alleged by the plaintiffs, and the defendants have no interest to dispute the fact, that W. E. Fly, the absent heir, died early in February, 1882, long after his grandmother had departed this life, which she did in 1877.

The contention of the defense to ascribe the death of Fly to a date anterior to that of Mrs. Noble, rests on the principle *nemo hæres viventis*, and was designed to cut off the plaintiffs from the pretensions as heirs.

The first appointment of the curator *ad hoc* was made in 1878. It was revived or confirmed in 1880, and it continued to the consummation of the proceedings, which culminated in the sale in July 1880. 1 La. 47; 2 Ann. 1010; 13 Ann. 263.

The second appointment of the same curator was a superfluity. The proceedings were therefore against a living defendant properly repre- sented, and they conclude him and his heirs.

The judgment complained of is erroneous.

It is therefore ordered and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that there be judgment rejecting the demand of plaintiffs, and in favor of defendants, main- taining the judgment, proceedings and sale attacked,—the plaintiffs and appellees to pay costs in both courts.

## ON APPLICATION FOR REHEARING.

The decree in this case was not designed to reverse the judgment of the lower court so as to reject the pretensions of the plaintiffs as heirs of W. E. Fly, and as entitled as such to his share in the movable pro- perty belonging to the succession of his grandmother, and touching which there was no dispute in this controversy. The judgment of the lower court in those respects remains undisturbed.

Our previous judgment can be amended without granting a re- hearing.

It is therefore ordered that our previous decree be amended so as to read as follows:

It is therefore ordered and decreed that the judgment appealed from, as far as it annuls the judgment on the account in favor of Eli Noble and transferred to Mrs. Watt and the proceedings thereunder and the sale of the real estate adjudicated to Mrs. Watt, and entitles plaintiffs to recover the share of W. E. Fly therein and rents and revenues thereof, be reversed.

It is now ordered and decreed that there be judgment rejecting plaintiff's demand for the nullity of said judgment, of the proceedings and of the sale thereunder to Mrs. Watt, and for rents and revenues, and that in other respects said judgment appealed from be affirmed at plaintiff's costs in both courts.

Rehearing refused.