No. 1814
Second Circuit Appeal

---

MRS. MAE WALKER, ET AL., v. L. T. WALLER, ET AL.

---

(March 17, 1925, Opinion and Decree.)
(March 30, 1925, Rehearing Granted.)
(October 21, 1925, reversed and remanded for a new trial.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Minors—Par. 188.**

A tutor ad hoc appointed to represent a minor who signs an acknowledgment of citation reading: "I hereby acknowledge service of copy of petition and citation in this case, reserving time and delays, this September 25, 1907," does not waive citation but acknowledges it and is within his authority granted by law.

ON APPLICATION FOR A REHEARING

2. **Louisiana Digest—Pleading—Par. 62.**

For the purposes of the trial of an exception no cause of action the allegations of petition must be accepted as true.

3. **Louisiana Digest—Pleading—Par. 62.**

Where an allegation of the petition denies that any service of citation and petition was made on a tutor ad hoc and claims the proceedings a nullity, an exception no cause of action by the defendant should be overruled.

4. **Louisiana Digest—Absentees—Par. 27; Citation and Appearance—Par. 46.**

The acknowledgment by the tutor ad hoc that service of petition and citation was made upon him will not be accepted by the court as conclusive proof of the fact of the issuance and service of citation when the verity of such acknowledgment by him is challenged.

Appeal from Third Judicial District Court of Louisiana, Parish of Claiborne, Hon. J. E. Reynolds, Judge.

This is a suit to annul a judicial partition of land. There was an exception no cause of action filed which was sustained. Plaintiff appealed. Judgment affirmed. On a rehearing judgment reversed, exception no cause of action overruled, and case reinstated on the docket of the district court to be proceeded with according to law.

Theus, Grisham & Davis, of Monroe, attorneys for plaintiffs, appellants.

Smitherman and Tucker, of Shreveport, attorneys for defendants, appellees.

CARVER, J.  Plaintiffs sue to annul a judicial partition of land in which they had an interest, on the ground that at the time of the partition they were minors without a Tutor and that a Tutor *ad hoc* appointed to represent them in the partition suit waived service and citation, which he was without authority to do.

In the following cases it was held that Tutors *ad hoc* and Curators *ad hoc* had no such authority.

Comier vs. De Valcourt, 33 La. Ann. 1168.
Hill vs. Barlow, 6 Rob. 142.
Stockton vs. Haslock, 10 Mar. (O. S.) 472.
Jacobs vs. K. C. S. & G. Ry. Co., 134 La. 389, 64 South. 150.

But in this case, the record in the partition suit, produced and filed by plaintiffs in response to a prayer for oyer, shows that the Tutor *ad hoc* did not waive service or citation but instead signed an acknowledgment reading as follows:

"I hereby acknowledge service of copy of petition and citation in this case; reserving time and delays. This September 25, 1907."

It was held in Millaudon vs. Beazley. 2 La. Ann. 916; Bartlett vs. Wheeler, 31 La. Ann. 540, and Fly vs. Noble, 37 La. Ann. 671, that such an acknowledgment was not

a waiver but, on the contrary, was an admission that service and citation had been properly made and therefore the case did not fall under the principle announced in the cases first above cited.

Those secondly cited seem controlling in this case, so, in our opinion, the judgment of the lower court dismissing the suit on an exception of no cause of action was correct and it is affirmed.

Reynolds, Judge, being recused, took no part in the decision.

## ON APPLICATION FOR REHEARING.

In our opinion in this case we said:

"But in this case the record in the partition suit produced and filed by the plaintiff in response to the prayer for oyer, shows that the Tutor *ad hoc* did not waive service of citation but instead signed an acknowledgment reading as follows: 'I hereby acknowledge service of a copy of petition and citation in this case, reserving time and delays'."

The plaintiff brought this suit to annul the partition on the ground, as we understood it, that the Tutor *ad hoc* waived citation. In their petition reference is made to the waiver of citation by the Tutor *ad hoc*. On looking over the record we saw that the Tutor ad hoc had accepted service of citation and petition. The wording of the acceptance implies that a citation had in fact issued and that it with petition was actually served on him.

Plaintiffs, in application for rehearing, set up that, as a matter of fact, no citation ever issued and that, therefore, the acknowledgment of the Tutor *ad hoc* that it was served on him is false. This point was not raised or presented to us originally.

Rehearing granted.

## ON A REHEARING

CARVER, J.    In their application for rehearing, counsel for defendants do not claim that the cases of Blackwell vs. Campbell and Miller vs. Secton, which our opinion on rehearing followed, are not decisive of the question now before the court, but say that the ruling in these cases and our ruling on rehearing herein are contrary to the decisions of the Supreme Court in the cases of Millaudon vs. Beazley, 2 La. Ann. 916; Bartlett vs. Wheeler, 31 La. Ann. 540, and Fly vs. Noble, 37 La. Ann. 667.

These decisions we hold inapplicable here for the reason that in this case an attack was made on the verity of the curator's acknowledgment of service whereas in those cases no such attack was made.

Counsel say that we misconstrued these decisions and that a careful reading of them will show that such attack was made. We have reread them and are satisfied that we made no error in our construction.

In the Millaudon case—being a suit defended by a curator ad hoc—the curator in the lower court did not plead non issuance or even non service of citation but plead as exceptions want of authority to appoint a curator and want of amicable demand, which exceptions being overruled, he filed an answer to the merits and pleas of prescription. In the Supreme Court he contended that no service had been made on him and that he was without authority to waive service. He still did not claim that citation had not been issued. The court said:

"The curator, in the present instance, as far as appears from the record, waived *none of the rights of the party whom he* was appointed to represent. There was no waiver of citation nor of service of the petition, but the written acknowledgment of the curator is that both were served on him."

In the Bartlett case, which was a suit to annul a judgment against an absentee represented by a curator ad hoc, the alleged ground of nullity was not that citation had not issued but "that the curator ad hoc had not been cited". The court said that in the curator's answer in the original suit

he had acknowledged that he had been duly cited, and held that under the Millaudon case he could validly acknowledge service. The court does not say or intimate that no citation had ever issued in the original suit or that the suit to annul was based on any such claim.

In the Fly case (also a suit to annul a judgment rendered against an absentee represented by a curator ad hoc) it was not alleged that citation had not issued in the original suit, the allegation being that the curator "waived service of necessary proceedings". The court said:

"The curator ad hoc does not appear to have waived service of necessary proceedings. He acknowledged service of the petition and citation for the homologation of the account. The acknowledgment implies an admission of actual service."

All these cases were tried on their merits. The allegations were not that no citation had issued and that therefore the curator's acknowledgment was false, but were respectively as follows:

"No service had been made."
"Had not been cited."
"Had waived service."

In each case the curator had acknowledged that service of petition and citation had been made. There was nothing in the record in any of these cases to impeach the truth of this acknowledgment. Here the case comes to us on an exception of no cause of action. The petition in this case, inferentially at least, alleges that the acknowledgment of service is false. What the petition says is: "That no citation issued". If none issued, of course none could be served, and the acknowledgment of the curator that he was served cannot be true. When the case was tried on its merits it may appear that the curator's acknowledgment of service is true, but we think plaintiff entitled to a trial on the allegation

which he made in substance that it is not true.

Counsel also ask us to consider the case of Mitchell and Remmelburg Furn. Co. vs. Simpson, 40 Fed. 811, which we have done, but we find nothing in that case contrary to the views herein expressed.

Plaintiff in that case brought suit in Florida on three judgments which had been rendered and subsequently revided in Louisiana. Two of the revivor judgments were held void, there being neither proof of service on the curator nor acknowledgment of service by him. Both the original judgment and the judgment of revivor in the third case were held valid. In the original suit no mention was made of defendant's being an absentee or of any curator ad hoc being appointed, but an answer was filed by counsel beginning as follows:

"And into this honorable court come defendants by their undersigned counsel who for answer" etc.

We take it that this was a voluntary appearance of defendants by counsel of their own selection. Of course such an appearance was a waiver of citation by the defendants themselves. The court said:

"In the suit to revive said judgment citation was issued to Simpson Brothers. The sheriff returned that after due and diligent injury and search he was unable to find Simpson Brothers, defendants, but was credibly informed that they were out of the State of Louisiana and resided in the State of Florida; that thereupon, on suggesting the citation and return thereof, the court appointed a curator ad hoc to represent the absent defendants; and that eight days thereafter the said curator ad hoc filed an answer acknowledging the service of petition and citation, and pleading general denial. These proceedings seem to be regular and valid."

From the above quotation it is seen not only that no claim was made to the effect that citation had not issued but, on the contrary, the record affirmatively showed

that one addressed to Sampson Brothers had issued.

Rehearing refused.

---

## ON REHEARING

ODOM, J. The plaintiffs bring this suit to set aside the sale of certain property situated in the Parish of Claiborne in which they claim to own an interest sold under a judgment ordering a partition thereof.

They allege that at the time the judgment was rendered and the sale made they were minors and had no tutor but that the court undertook to appoint a tutor ad hoc to represent them.

It is specifically alleged:

"That the said pretended sale was an absolute nullity insofar as your petitioners were concerned, for the reason that they were minors at that time, and were not made parties to the pretended partition suit."

And that:

"That there was no citation issued in the said cause, for the purpose of bringing the said minors into court by service of the same on the said tutor ad hoc, that he was without authority to waive service of such citation or to waive service of copy of the petition, and that his acts in so doing were an absolute nullity, and that accordingly, the judgment rendered against the said minors and the sale thereunder were absolute nullities, at least insofar as your petitioners were concerned."

And in an amended petition it is reiterated:

"That there was no citation issued in the said cause for the purpose of bringing the said minors into court by service of the same on the said tutor ad hoc."

Under a motion and prayer for oyer they file in court a complete record of the partition suit and proceedings under which the property in question was sold, which court ordered the plaintiffs to produce and was accordingly done.

The record brought up and filed shows that on September 25, 1907, the then presiding judge appointed E. H. McClendon, Esq., tutor ad hoc to represent the minor defendants in the suit.

On the same day the tutor ad hoc filed his written acceptance of the trust and the following acceptance of service:

"I hereby acknowledge service of copy of petition and citation in this case, reserving time and delays. This Sept. 25, 1907.

"(Signed) E. H. McClendon,
"Tutor ad hoc."

The record as brought up does not disclose that a citation was in fact issued by the clerk of court directed to the tutor ad hoc or that a copy of the petition was made to be served on him.

There is nothing, therefore, to show that such was done, except the acceptance of service thereof as above shown.

The defendant, upon the filing of the record in this case, tendered an exception of no cause of action, which was sustained by the court and the plaintiffs' suit dismissed.

The plaintiffs have appealed.

As a cause of action, the plaintiffs set up that at the time the judgment ordering the property sold to effect a partition was granted and at the time the sale thereof was made, they were minors and that they were not cited according to law.

As we construe the petition, the plaintiffs make an attack upon the verity of the acknowledgment of service of citation and petition upon the tutor ad hoc.

Counsel for defendants say, in brief, substantially, that the plaintiffs' petition cannot be construed as an attack upon the correctness of the recitals of the tutor ad hoc but that it should be construed as attacking the judgment and the sale thereunder because the plaintiffs allege that the tutor ad hoc had no right to waive citation.

It is true that plaintiffs in their petition say that the tutor ad hoc attempted to waive citation, etc., but we think, in view of the fact that plaintiffs have made the specific allegation that no citation was ever issued to be served on the tutor ad hoc as a basis for the suit, it was intended by the pleader to attack and challenge as false the statement of the tutor ad hoc that service of citation and petition was made upon him.

Citation is the foundation of all actions and without it the proceedings are absolute nullities.

The settled jurisprudence of this state is that a curator ad hoc or a tutor ad hoc cannot waive service of citation or petition.

This point is not controverted but is conceded by counsel for defendants; but counsel, in support of his contention that the proceeding and sale in this case were valid, has cited a long list of authorities holding that a curator ad hoc may validly acknowledge service of citation and petition, notably the cases of:

Millaudon vs. Beazley 2 La. Ann. 916; Bartlett vs. Wheeler, 31 La. Ann. 540; Fly vs. Noble, 31 La. Ann. 667.

In each of the cases cited the court held that a curator ad hoc may validly accept service of citation and petition; but in those cases the question whether citation had in fact been issued was not raised but the court assumed that it had issued and that the curator ad hoc in reality accepted service thereof.

In Fly vs. Noble, the court says:

"The curator ad hoc does not appear to have waived service of necessary proceedings. He acknowledged service of the petition and citation for the homologation of the account. The acknowledgment implies an admission of actual service."

In none of the cases cited was the verity of the curator ad hoc's acknowledgment of service challenged.

In the cited cases the judgments were not sought to be set aside on the ground that no citation had in fact issued. The court assumed that citation had issued, and the question was whether the curator ad hoc could accept service thereof so as to bring the absent defendant into court, and the court held that he could.

But in the case at bar the plaintiffs allege that no citation was issued, and when the record in the suit is brought up it contains no evidence of the issuance of any citation nor of the making of a copy of the petition to be served on the tutor ad hoc.

In the case of Ticknor vs. Calhoun, 28 La. Ann. 259, the court said:

"And after trial and judgment it was discovered that no evidence of the citation on the absentee had been made."

And—

"The curator ad hoc cannot directly or indirectly waive citation."

In the case of Heirs of Morris Miller vs. J. N. Secton, on the docket of this court, it was alleged that the judgment under which the property was sold was an absolute nullity for the reason that the plaintiffs were never cited.

In that case, as in this, the curator ad hoc signed an acceptance of citation and petition, in the following words:

"I hereby accept the appointment as curator ad hoc in the above and foregoing petition, acknowledge service of the above and foregoing petition and citation."

The late Judge Porter, as the organ of the court, in the course of his opinion said:

"The evidence conclusively shows that no copy of the petition was ever issued or served upon the curator ad hoc. His purported acknowledgment of the service and citation was a pure fiction, the acknowledgment of something which had no existence. It was to all intents and purposes a waiver of something which was essential

to his existence as curator ad hoc and to his authority to represent them."

And in the case of Wallace Blackwell, et al. vs. Cicero Campbell, No. 1052 on the docket of this court, a sale was attacked on the ground that it was void for want of service of petition and citation.

In that case, a curator ad hoc was appointed and acknowledged service as follows:

"I hereby acknowledge service of the above and foregoing petition and citation. This Nov. 11, 1910."

The late Judge Dawkins, as the organ of the court, in his opinion said:

"The record in that case is bare of any evidence that any copy of petition or citation ever issued, nor is there anything to show that the sheriff ever made any return into the court. In fact, the record is composed merely of the petition, the curator's answer and the judgment."

In the case at bar, the plaintiffs make the specific allegation that no citation was issued. If none was issued, the tutor ad hoc could not accept service of one. He could not accept service of that which did not exist. Therefore, the pleadings tendered the issue, not whether a tutor ad hoc may accept service of citation and petition, but whether proceedings based upon acknowledgment of service of petition and citation by the tutor ad hoc are valid even though no citation was ever issued.

The acknowledgment by the tutor ad hoc that such service was made upon him will not be accepted by the court as conclusive proof of the fact of the issuance and service thereof; and when the verity of such acknowledgment by him is challenged, it is the duty of the court to hear evidence on that point.

In the case of Blackwell, et al. vs. Cicero Campbell, supra, the late Judge Dawkins, as the organ of the court, used this language:

"To acknowledge service of a document after it has already been made, would be a vain thing. It is well known that acknowledgment of service of petition and citation are made for no other purpose than with the view of dispensing with the service of those documents and the cost arising from the issuing and serving of them. In the light of this common knowledge, the courts should require that proof be made that service in accordance with the requirements of the statute has been made on the curator, even when that individual acknowledges, as in the case in question, that service has been made."

It is elementary that for the purposes of the trial of an exception of no cause of action the allegations of the petition must be accepted as true.

We think the court should have overruled the exception of no cause of action and let the case go to trial on its merits.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and it is further ordered that the exception of no cause of action be overruled and the case reinstated on the docket of the district court of Claiborne parish, there to be proceeded with according to law.