## SUCCESSION OF WM. REGAN.

When a judgment has once been signed by the Judge, it should be interpreted by the court which rendered it, as well as by all others, as the foreign writers say, objectively ; that is, it should be construed with reference to the pleadings and the subject matter of the controversy, according to the natural and legal import of the terms used, without any reference to any subsequent explanation of the court of what was its intention or in its mind at the time the decree was rendered.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *T. Gilmore* and *Benjamin, Bradford & Finney*, for *Mrs. Mary Regan*, administratrix, appellant. *J. Dunlap*, for *Mrs. Cutter*, appellee.

MERRICK, C. J. On the sixth day of February, 1855, the appellant, as administratrix of the succession of *William Regan*, deceased, filed her account or tableau of distribution.

She placed herself on the tableau for one-half of the last community. The account and this item in it were opposed by *Mrs. Fanny Cutter* and one other creditor. On a final hearing, the Judge of the District Court rendered a judgment amending the tableau and directing the administratrix to pay in the order therein regulated the creditors specified, and homologated the tableau in other particulars, and directed the funds to be distributed accordingly.

*Mrs. Cutter* took a devolutive appeal from this decree, not being satisfied with the amount allowed her. After taking her appeal, she took a rule upon the administratrix to show cause why she should not pay over to her, without prejudice to her appeal, the amount allowed her by the decree.

To this rule, the administratrix replied that she was willing to comply with the decree, but, by the terms thereof, there would be nothing due to the plaintiff in the rule, as the entire fund would be absorbed by the creditors preferred to *Mrs. Cutter* by the decree ; and as to so much of said rule as asks the court to order the execution of the judgment without prejudice to the appeal, the administratrix excepted, because the court was without jurisdiction to pro-

nounce upon the legal effect of the execution of said judgment upon the rights of the several parties.

In this court, it is contended that the effect of the decree upon the rule was to change the former judgment of the court amending and homologating the tableau of distribution, and to decree the administratrix to pay over to the creditors the one-half of the community which was allowed her by the first decree. On the one side, it is contended that this proceeding was unwarranted by law, and that the judgment once signed is beyond the control of the Judge who has rendered it, and that he has no power to correct or modify it in any subsequent proceeding; and on the other, that the interpretation of the decree by the Judge who rendered it, is of the highest authority and furnishes the best evidence of what was intended thereby.

We think that when a judgment has once been signed by a court, that it should be interpreted by that court, (as well as by all others,) as foreign writers say, objectively; that is, it should be construed with reference to the pleadings and subject matter of the controversy, according to the natural and legal import of the terms, without reference to any *subsequent* explanation of the court of what was its intention or in its mind at the time the decree was rendered. In other words, this court will disregard any forced construction placed by the lower court upon its own decrees, although it may be pretended that such conclusion was in the intention of the court rendering the decree.

But if we apply this rule to the case before us, we find the decree upon the rule in accordance with the first judgment. That judgment orders certain debts to be paid in a certain order, and we understand the decree to make no reservation of a part of the fund in order to pay the administratrix, in preference to the creditors named in the decree, her one-half of the community. She is therefore bound by the decree to make payment in conformity to it, even if it should exhaust the entire fund in her hands, and leave nothing with which to pay herself the amount she has placed to her own credit on the tableau.

On the other point, it is manifest that the District Court was without jurisdiction to determine what effect the execution of the judgment should have upon the appeal. That was a question which the District Court could not determine adversely to the appellee, as appears to have been done by the unqualified manner in which the rule was made absolute. Without inquiring whether this part of the decree can prejudice the appellee or not in this court, we think she is entitled to a correction of it in this particular, and the execution of a judgment should be suffered to produce whatever effect, if any, the law gives to the same.

It is, therefore, ordered, adjudged and decreed by the court, that so much of the decree rendered upon the rule, on the 12th day of December, 1855, as makes the said rule absolute without prejudice to the appeal of said *Mrs. Fanny Cutter*, be reversed and avoided, and that the said decree be, in other respects, affirmed. Said appellee to pay the costs of the appeal.

---

## SAME CASE ON A RE-HEARING.

BUCHANAN, J. After the judgment and appeal which form the subject of the case No. 4324 in this court, just decided by us, a rule was taken by *Mrs. Fanny Cutter* to show cause why the administratrix should not be ordered to pay

over the amount allowed the said *Mrs. Cutter* by the judgment appealed from, *without prejudice to her further rights upon her said appeal.* After hearing, this rule was made absolute.

The judgment upon this rule, as it stands, is a peremptory and unqualified judgment against the administratrix of the estate and appellant herein, for a sum of nineteen hundred and seventy-eight dollars and thirty-three cents, that being the amount allowed *Mrs. Cutter* by the previous judgment from which she had appealed.

But the administratrix has brought to our notice that the judgment from which *Mrs. Cutter* had appealed, approved and homologated the account rendered by the administratrix, so far as not specifically amended; and that one of the particulars in which the account was not amended by the judgment, was the amount in the hands of the administratrix for distribution, say four thousand one hundred and eighty-one dollars and thirty-eight cents.

Now, the judgment in question (that upon the oppositions to the account of administration) decreed, that the fund in hand, as aforesaid, should be distributed:

1st—To the payment of Clerk's fees.............................      ......
    "          "        Sheriff's fees.........................    $176 08
    "          "        privileged claims, according to the tableau,
                        which amount to .....................      821 00
2d—Claim of *Bayne*, assignee of *Kohn, Daron & Co.*, amounting, in
    capital, to ..................................$3718 86
    And in interest to date of judgment, to considerably
    over ........................................ 2000 00    5718 86

3d—Claim of *Miller's* Syndic, as the same figures on the tableau, say  1613 56
4th—*Mrs. Fanny Cutter*....................................  1978 33

It is obvious, from this statement, that, under the judgment upon the account of administration, *Mrs. Cutter* could have nothing to receive from the fund in the hands of the administratrix, according to the account, which fund would have been entirely exhausted by the two first classes of preferred creditors. The judgment of the court upon the rule was therefore unfounded in any right conferred upon *Mrs. Cutter* by the previous judgment of the District Court, and injurious to the administratrix, by imposing upon her a liability beyond that judgment.

It is, therefore, adjudged and decreed, that the judgment heretofore rendered in this cause be set aside and annulled; and it is further decreed, that the judgment appealed from be reversed, and the rule taken by the appellee, *Mrs. Fanny Cutter*, on the appellant, *Mrs. Regan*, administratrix of *William Regan's* succession, on the 5th December, 1855, be dismissed, without prejudice to *Mrs. Cutter's* rights under her appeal; and that the appellee pay the costs of said rule in both courts.