Cormier, Administratrix, vs. DeValcourt, Administrator.

## No. 1117.

### JULIE CORMIER, ADMINISTRATRIX, VS. THEODORE DEVALCOURT, ADMINISTRATOR.

A married woman, separated in property and administering her own affairs, is liable on her note without proof that it enured to her individual benefit.

The plea of interruption of prescription, after the latter has been acquired, can only be supported by written evidence.

A Curator ad hoc of a minor cannot waive citation.

APPEAL from the Twenty-fifth Judicial District Court, parish of Lafayette. *Clegg*, J.

### *M. E. Girard* for Plaintiff and Appellant :

An attorney can accept service of process and interrupt prescription.

A curator *ad hoc* may also acknowledge service and interrupt prescription. 31 An. 540; 2 An. 916.

The acts of an attorney or agent unless disavowed in proper time, and as soon as brought to the notice of the principal will be thereby ratified and be binding for all purposes.

A party purchasing property at a sale made by virtue of a judgment ordering said sale, is estopped from questioning the validity of that judgment and all proceedings therein, and a party acquiescing in a judgment by paying a part of it, renounces the means and exceptions that might have been opposed to it. 23 An. 28, Gernon vs. Dubois; 23 An. 524, Wailes vs. Bank.

A party who has entered into a compromise with another to pay him a note after a certain time, is precluded from contesting the rights of the creditor. 22 An. 429, Conrad vs. Callery.

### *C. DeBaillon* and *C. H. Mouton* for Defendant and Appellee :

First—Note sued upon is prescribed. R. C. C. 3540.

Second—Authority of an attorney can be denied—when denied, must be proved. 10 An. 669; 15 An. 569; 5 An. 551; 14 An. 866; 1 An. 398.

Third—Only the defendant himself, or his attorney, can accept service and waive citation under article 177 C. P. The *appointee* of the court cannot. 4 N. S. 680; 10 M. 472; 1 M. 516; 33 An. 212.

Fourth—Service on a minor can be made *only* on the curator *in person* or at his domicil. C. P. 195.

Fifth—A minor cannot be brought into court, by simply having a curator *ad hoc* appointed to represent him. 2 An. 562.

Sixth—The acceptance of a curatorship must be made to appear. 2 An. 446.

Seventh—Acceptance of service and waiver of citation by an unauthorized attorney—not even an appearance—does not interrupt prescription. 14 An. 3, 866; 1 An. 398; 2 An. 840; 5 An. 551; 10 M. 472; 4 N. S. 680; 1 M. 516.

Eighth—Petition of intervention must be served, and parties against whom it is directed must be cited to have any legal effect. C. P. 393; 15 A. 206; 20 A. 258; 3 A. 331; 16 L. 268; 25 An. 564.

Ninth—Note sued on was subscribed by a married woman for money borrowed. without complying with Acts of 1855, p. 254; the burden was on plaintiff to show that the money borrowed enured to the benefit of the wife. 15 An. 352; 16 An. 449; 20 An. 229; 24 An. 96-89; 21 An. 525; 29 An. 123; 5 N. S. 56, 5, 495; 15 An. 628-621; 12 An. 853; 5 An. 173; 14 An. 172, 700; 22 An. 457; 23 An. 196, and other authorities.

Cormier, Administratrix, vs. DeValcourt, Administrator.

Tenth—It is not necessary when bill of exceptions is tendered to mention the same on note of evidence. Acts 1877, E. S. p. 176.

Eleventh—After prescription has accrued, an administrator cannot waive or renounce. 2 An. 546, 927; 21 An. 373, 748; 24 An. 83, 183; 26 An. 380; 1 An. 330; 8 An. 505; 23 An. 172, 193; 22 An. 445; 31 An. 721; 3 N. S. 707; 25 An. 491; 18 An. 219.

Twelfth—Nor could Philomene Thibodeaux, the natural Tutrix. 9 An. 122; 29 An. 798.

Thirteenth—No compromise was made or could have been made. 15 L. 145; 11 An. 184, 212; 14 An. 274, 617; 25 An. 476, 511.

The opinion of the Court was delivered by

LEVY, J. Julie Cormier, administratrix of the succession of Placide Guilbeau, deceased, instituted this suit on the 29th of June, 1874, against Theodore DeValcourt, administrator of the succession of Leontine Guilbeau, wherein she seeks to recover of the defendant, representing said last named succession, the sum of $1736 05 with 8 per cent. per annum interest from 11th of June, 1864, on a promissory note for said sum signed by said Leontine Guilbeau, assisted and authorized by her husband, dated June 11th, 1864, payable on demand to Placide Guilbeau, Sr., or order. Defendant in his answer denied that any consideration had been given for the note, and alleged that it was null and void, and pleaded the prescription of one, three, five and ten years. There was judgment in favor of defendant, dismissing plaintiff's suit and rejecting his demand at his costs, and plaintiff has appealed.

Leontine Guilbeau was separate in property from her husband, by a decree of court rendered in the year 1847, and administered her own property and affairs; the note sued on was given in renewal of one previously executed by her, and she had acknowledged it as her own debt. Being thus separate and administering her own affairs, there is no proof offered that the consideration of the note enured otherwise than to her individual benefit. The only question involved, then, is that of prescription. In 1869, and before the expiration of five years since the maturity of the note, a suit, No. 3038, was instituted by the plaintiff thereon, the service of petition having been acknowledged by Wm. Mouton, Esq., as attorney of the defendants, the heirs of Leontine Guilbeau. On appeal to the Supreme Court, the judgment in favor of plaintiff was reversed and there was judgment of nonsuit in favor of defendants. Within a short time after this decision of the Supreme Court the present action was brought. On the face of the note prescription had accrued, and this plea being made, it devolved upon the plaintiff to show interruption of prescription. Defendants rely upon the institution of suit No. 3038 and the service made therein, and on an alleged compromise or agreement in 1872 between plaintiff and the heirs of Leontine Guilbeau, as an acknowledgment and recognition of the debt evidenced by the note. Defendant denies that the attorney who acknowledged service of the peti-

74

tion in suit No. 3038 had been employed by the heirs or those represent-ing them, and averred that such acknowledgment and waiver of citation was null and void and not binding on them, and deny the validity of the alleged compromise or agreement in 1872, made after prescription had accrued and by parties unauthorized to bind them. We are satisfied, after careful examination of the record, that the acknowledgment of ser-vice of the petition in suit No. 3038 by the attorney was done without the authorization of the heirs of Leontine Guilbeau, and that the pro-ceedings in that suit do not, therefore, operate as an interruption of pre-scription. Even if the compromise or agreement was made with proper authority (which is not established by the evidence in the record), the acknowledgment or recognition, inferential at best, was made after pre-scription had accrued, and not being made in writing, could not operate as a renunciation. The service on a curator ad hoc of a minor must be made in person or at his domicil, and waiver of citation by such curator is not sufficient. 23 An. 215; 5 An. 551, 6 R. 142; 12 R. 540; 28 An. 258.

The judgment appealed from is affirmed with costs.