(76 South. 252)

No. 20874.

ELDER v. ELDER et al.

(June 11, 1917. Rehearing Denied June 30, 1917.)

*(Syllabus by the Court.)*

INFANTS &#9758;90—MINORS—AUTHORITY OF ATTORNEY.

An attorney representing minor children in a suit for a settlement of their father's estate cannot, by agreeing to and signing, with the attorney representing a contrary interest in the suit, a so-called statement of facts, bind the minor children to an extrajudicial settlement of the estate, without the advice of a family meeting approved by the district judge.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Suit by W. P. Elder against Mrs. Effie Elder and others. From a judgment for plaintiff, certain of the defendants appeal. Reversed, and judgment of nonsuit rendered in favor of appellants.

Hardy & Atkinson and Hardy & Percy, all of Shreveport, for appellants. Alexander & Wilkinson, of Shreveport, for appellee.

O'NIELL, J. The plaintiff sued to annul the will of his father, W. W. Elder, and for a settlement of the estate of his deceased father and mother. He alleged that his father was married four times; that of the first marriage there were born two children, Mrs. Henrietta Robertson and Mrs. Carrie Hill, both residing in Texas; that of the second marriage the plaintiff was the only offspring; that of the third marriage there is only one child, L. R. Elder, about nine years of age, residing in Caddo parish, La.; and that the fourth marriage was to Miss Effie Miller Elder, one of the defendants herein, who resides in Caddo parish, La., with her two minor children, Wingfield Elder and Sallie Elder, issue of that marriage. The plaintiff alleged that the last will and testament of his father had been filed for probate in the county court of Harrison county, Tex., and that one W. A. Elder, residing in Texas, had been appointed by that court administrator of the estate of W. W. Elder.

He alleged that his father had bought certain land in Texas during the marriage to the plaintiff's mother, and that the property therefore belonged to the community, and that one-half of it was inherited by him, the plaintiff, from his mother; that the plaintiff's mother had brought into the marriage certain cattle and horses of the value of $300, to which the plaintiff was entitled in a settlement of the estate. He averred that the will filed for probate in the Texas court purported to be a nuncupative will, by private act, but that it was null because it was not written in the presence of the subscribing witnesses nor read by any one of them in the presence of the others. He alleged that the judgment of probate of the will was null for want of jurisdiction in the county court of Harrison county, Tex. He averred that even if the will was valid, the dispositions should be reduced to the disposable portion, so as to reserve to him, the plaintiff, his legitime as one of the six forced heirs of his father. The will was not offered in evidence, and is therefore not in the record.

On the petition of the plaintiff a tutor ad hoc was appointed to represent the minor children, L. R. Elder, Wingfield Elder, and Sallie Elder, and a curator ad hoc was appointed to represent the absent defendants, W. A. Elder, Mrs. Henrietta Robertson, and Mrs. Carrie Hill. The three absentees and

the three minors are the defendants, with Mrs. Effie Elder, in this suit.

A general denial of the allegations of the 'petition was filed by the curator ad hoc for Mrs. Robertson and W. A. Elder; but the curator made no further appearance in the case. No appearance whatever was made on behalf of the other absentee, Mrs. Hill.

On behalf of the defendant Mrs. Effie Elder an answer was filed in which she merely denied "all and singular the material allegations in plaintiff's petition."

In that condition, the case was tried and submitted for decision on what purported to be two statements of facts, in which the attorneys for the plaintiff and a party who signed as "attorney for defendant," without indicating which one of the defendants he represented, undertook to make a complete settlement of the estate, to the apparent satisfaction of the plaintiff, and apparently very much to the prejudice of the minor children. At that time the party appointed tutor ad hoc of the minor children had not even taken the oath. He qualified as tutor ad hoc of all three of the minor children several months after the judgment was rendered in this case, and filed a general denial of the allegations of the plaintiff's petition for two of the minor children on the day he took the oath. Thereafter a certain bank and trust company that does not appear, as far as the record discloses, to have been appointed tutor, filed a general denial on behalf of the minor child L. R. Elder.

The minutes disclose that it was discovered, after the case had been submitted for decision, that some other defendant had failed to file an answer or make an appearance in the case, and it was ordered reopened. It was again submitted for decision, and again reopened, after judgment had been rendered, to permit the tutors ad hoc of the minors to file answers, and was again submitted and taken under advisement; and thereafter, the minutes show, the judgment

that had been rendered was reinstated and made the judgment and decree of the court.

The only evidence offered in support of the plaintiff's demand are the two statements of facts or agreements to settle the estate signed by the attorneys for the plaintiff and the party who signed as "attorney for defendant." The supplemental statement appears to be signed by him and by another attorney, after both signatures appearing the designation, "Attorney for Defendant." But the name of the other attorney was written without authority by the one who had signed the original statement of facts, and who has never appeared to represent any defendant in this case. When the so-called statements of facts were produced by the attorneys for the plaintiff and offered in evidence, they were objected to on the ground that the attorneys representing the defendants had no knowledge of them, and that the parties who had signed them had no authority to settle the estate of the minors or to bind any of the defendants. The district judge did not rule on the objection. It should have been sustained. Whatever authority the attorney who signed as "attorney for defendant" may have had from any of the defendants of age, he could not bind the minor children to an extrajudicial settlement of the estate of their father, without the authorization of a family meeting approved by the district judge.

Although the plaintiff did not demand a collation from any of the defendants, the court rendered judgment requiring the minor children to collate to such an extent that the interest of one of them is almost entirely taken away, and the interests of the other two are reduced very materially. It also appears that, as the personal property that had been bequeathed to the minors, and for which they were required to collate, was sold under orders of the district court to pay the debts of the succession, the judge therefore required the minors to collate by taking a smaller interest in the real estate, so that

the minor children were not only deprived of the bequest made by their father to them, but, by reason of that bequest, they were deprived of nearly all of their interest in the real estate. There was no warrant whatever for that decree. The only reason assigned by the district judge for reducing the interests of the minors in the real estate as he did was that the plaintiff's attorneys had filed a statement showing that the interests of the minors should be so reduced. No such statement was offered in evidence or appears in the record. The so-called statements of facts would not, in our opinion, warrant any judgment of collation, even if such judgment had been prayed for.

In our opinion, the district court should have rendered a judgment of nonsuit against the plaintiff. The tutor ad hoc of the minor child Leonard R. Elder did not appeal from the judgment; nor did the curator ad hoc of the absentees. Mrs. Effie Elder, who is now Mrs. Haley, prosecutes this appeal on behalf of herself and her minor children, Sallie and Wingfield Elder. As far as the appellants are concerned, the judgment appealed from must be reversed, and a judgment of nonsuit rendered against the plaintiff.

For the reasons assigned, the judgment rendered against Mrs. Effie Elder Haley and her minor children, Sallie Annie Elder and Wingfield Bryant Elder, is annulled, and the plaintiff's suit against them is dismissed as in case of nonsuit, at the plaintiff's cost.