(113 So. 144)

No. 26388.

### HALEY et al. v. WOODS et al.

April 25, 1927. Rehearing Denied May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Absentees** ⬥⇒5—**Curator ad hoc for absentees cannot waive service of petition and citation (Code Prac. art. 195).**

Under Code Prac. art. 195, providing that service must be made on the curator of absentees in person, the curator cannot waive service of the petition and citation.

2. **Absentees** ⬥⇒7—**Judgment in partition suit against absentees held void, where actual service of petition and citation was not had on their curator, notwithstanding his acknowledgment (Code Prac. art. 195).**

Under Code Prac. art. 195, providing that service must be made on the curator of absentees in person, judgment in partition suit against infant absentees *held* void, where actual service of the petition and citation was not had on their curator ad hoc, notwithstanding his acknowledgment of service.

3. **Partition** ⬥⇒109(6)—**Purchaser of property at void partition sale held not protected by good faith as against true owners.**

Purchaser of property at partition sale, which was void because of lack of service on defendants in partition suit, *held* not protected against such defendants because he purchased the property in good faith, especially since he might have ascertained that the sale was void before purchasing.

4. **Estoppel** ⬥⇒72—**Of two innocent persons, he who makes injury possible must bear consequences.**

Where one of two innocent persons must suffer, he who makes it possible for the injury to occur must bear the consequences.

5. **Absentees** ⬥⇒7—**Petition alleging judgment against absentees was void because of lack of service on curator held to state cause of action.**

Petition alleging that judgment against infant absentees was void because of lack of actual service on their curator ad hoc *held* to state cause of action.

6. **Judgment** ⬥⇒948(½)—**Plea of res judicata cannot operate in suit to annul judgment claimed to control.**

·Plea of res judicata is inapplicable to a case attacking as null and void the judgment which is alleged to have decided the rights of the parties.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Suit by Mrs. Effie E. Haley and others against J. W. Woods and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Foster, Looney, Wilkinson & Smith, of Shreveport, for appellants.

Thatcher, Browne, Porteous & Myers, of Shreveport, for appellees.

OVERTON, J. W. W. Elder was married four times. He died in 1912, testate, and is survived by his widow, Mrs. Effie Elder, now Mrs. Haley, and two children, Wingfield and Sallie Elder, who are minors, and also by issue of each of his three remaining marriages. By his will he left all of the land owned by him in this state, the land being known as the "Louisiana Place," containing about 141.-5 acres, to Wingfield and Sallie Elder, the children of his last marriage, who, through their mother and guardian, Mrs. Haley, are the plaintiffs in the present suit. The deceased left property in Texas, as well as in this state, and the will was admitted to probate in both states.

After the will was admitted to probate here, W. P. Elder, one of the children of a preceding marriage, brought suit in this state to annul the will of his father. In that suit a judgment was rendered by the trial judge, recognizing, among other things, that W. P. Elder owned in indivision with his brothers and sisters, Leonard, Wingfield, and Sallie Elder, Mrs. Etta Robinson, and Mrs. J. W. Hill, the "Louisiana Place." This judgment was not satisfactory to Mrs. Haley, and she, on her own behalf and on behalf of her two children, the plaintiffs herein, appealed to this court. On appeal, the judgment rendered by the trial court was reversed, in so far as it affected the rights of Mrs. Haley and her two

children, Wingfield and Sallie Elder, and the demand of W. P. Elder, the plaintiff in that suit, was dismissed as in case of nonsuit. Elder v. Elder, 142 La. 95, 76 So. 252.

W. P. Elder did not institute another suit to annul his father's will, nor was another suit instituted by any one for that purpose. However, on January 18, 1922, over nine years after the death of W. W. Elder, and over four years after the judgment rendered by this court in the suit to annul his will became final, Mrs. J. W. Hill, a resident of Houston, Tex., and one of the children of W. W. Elder, the deceased, brought suit to effect a partition of the "Louisiana Place," which, by the terms of the will, had been left to Wingfield and Sallie Elder, setting up the judgment of the district court, rendered in the suit to annul the will, which this court had reversed, as declaratory of her interest and the interest of her coheirs and co-owners in the property. Wingfield and Sallie Elder, among others, were named as parties defendant to the suit, and, they being at the time no longer residents of this state, a curator ad hoc was appointed to represent them. On the same day that the suit was filed, the curator ad hoc signed an acknowledgment of the service of the petition and citation in the suit.

The guardian of Wingfield and Sallie Elder made no appearance in the case, and the curator ad hoc, appointed to represent these minors, who are described in the petition merely as absentees, filed no answer. On March 21, 1922, judgment was rendered, ordering that the "Louisiana Place" be sold at public auction to. effect a partition. This judgment was amended on April 26, 1922 (apparently irregularly so), and, on July 8, 1922, the property was offered at public sale to effect the partition, and was purchased by J. W. Woods, a stranger to the suit.

The guardian of Wingfield and Sallie Elder learned of the partition suit and of the sale to effect the partition several months after the sale was made, and on January 11, 1923, instituted the present suit on behalf of her wards to have decreed null and void the judgment ordering the partition and the sale made in pursuance thereof, and to have them recognized as the owners of said property. Various grounds are urged to annul the judgment and sale. We find it necessary, however, to consider only one. of the many grounds urged, and that ground is that no service of the petition and citation in the suit in which the judgment of partition was rendered was made on the curator ad hoc appointed to represent the plaintiffs herein, or upon their guardian, and that the acknowledgment of service by the curator ad hoc in the partition suit was in fact nothing more than a waiver of service, which he was not authorized to make, and the judgment based thereon is therefore a judgment rendered without citation, and hence is null and void, and, being null and void, the sale made in pursuance thereof is also null.

Article 195 of the Code of Practice provides as follows:

"If the minors, the interdicted or absent persons, against whom the suit is brought, had no tutor or curator, and the plaintiff has had a special tutor or curator appointed to defend them in the suit, the service must be made on that curator in person, or at his domicile."

In Jacobs v. Kansas City, S. & G. Ry. Co., 134 La. 389, 64 So. 150, the court, after quoting the foregoing article, said:

"The Code, on the subject under consideration, requires that service of the proceedings must be made on the tutor ad hoc or the curator ad hoc in person, or at his domicile. This notice or service is the citation; and the want of it is fatal. The statute must be construed strictly, as every law should be that derogates so much from the general principles of our jurisprudence and decides upon the rights of those who are incapacitated or absent. . It is a privilege to allow a plaintiff to pursue such person in this way, and he cannot complain if he is required to follow exactly the formalities which the act prescribes; and, above all, he

cannot be permitted to neglect that proceeding which the law has ordered as to serving the citation, which is to be the basis upon which all the subsequent proceedings in the cause rest."

[1] The jurisprudence is well established to the effect that a tutor ad hoc or a curator ad hoc cannot, under the authority vested in him by law, waive service of the petition and citation. Stockton v. Hasluck, 10 Mart. (O. S.) 472; Hill v. Barlow, 6 Rob. 142; Ticknor v. Calhoun, 28 La. Ann. 258; Cormier v. De Valcourt, 33 La. Ann. 1168. It is true that it has been held that a tutor ad hoc or a curator ad hoc may acknowledge service of the petition and citation. Millaudon v. Beazley, 2 La. Ann. 916; Bartlett v. Wheeler, 31 La. Ann. 540. However, these cases are based upon the theory that the service of the petitions and citations which was questioned in them was actually made, and that all that the curators ad hoc did in these cases was merely to acknowledge that which, so far as appeared, had actually been done. These decisions have no application, where it appears that no service was in fact made. Referring to these cases, this court said in Jacobs v. Kansas City, S. & G. Ry. Co., supra (134 La. 390, 394, 64 So. 152), that:

"Defendants cite a line of authorities wherein the court has held that where it does not clearly appear that the curator ad hoc had waived service of the petition, and where it rather appears by some acknowledgment that there had been an actual service, the proceeding will not be treated as null; but these cases have no application to a suit where it is definitely shown that the curator or tutor ad hoc had waived service of citation."

In the Jacobs Case, from which the foregoing excerpt is taken, the tutors ad hoc signed what purported to be an acknowledgment of service of the petition, but expressly waived service of citation. In the case at bar the acknowledgment, signed by the curator ad hoc, purports on its face to be an acknowledgment of service of both the petition and citation. The record abundantly discloses, however, that while a citation was issued by the clerk of court, yet that neither it nor a copy of the petition was in point of fact served on the curator ad hoc. In these circumstances the question is: Should we hold the acknowledgment of service to be valid? To so hold would be to give legal sanction to a waiver of service by a curator ad hoc, whenever he uses the word "acknowledge," instead of the word "waive," when by the established jurisprudence of this court such a functionary cannot waive service of the petition and citation. Whenever a curator ad hoc uses the word "acknowledge," instead of the word "waive," with reference to the service, when no service was made, he is acknowledging that something was done which was not done, and is, in effect, waiving service. A curator ad hoc may acknowledge that service was made upon him, when, in point of fact, it was made, for then by doing so he is waiving none of the rights of those whom he was appointed by the court to represent, but he cannot acknowledge legally that service was made, when it was not made, and, if he does, the acknowledgment amounts to nothing more than a waiver of service, and is null. In fact, it would be, to say the least, inconsistent to hold that a curator ad hoc cannot waive service of legal process, and at the same time hold that he may legally acknowledge service, and thereby bind those whom he was appointed to represent, when no service was made on him.

[2] Since copies of the petition and citation were not served on the curator ad hoc. the judgment rendered as to the plaintiffs herein, ordering the partition, was null and void, for the district court did not acquire in that suit jurisdiction, as to the present plaintiffs, who were defendants there, over the property of which a partition was de-

manded. Jacobs v. Kansas City, S. & G. Ry. Co., supra.

But the defendant Woods contends that plaintiffs are estopped from contesting the judgment attacked by them under article 612 of the Code of Practice, which provides that the nullity of a judgment rendered against a party without citation, or by an incompetent judge, may be demanded at any time, unless the defendant were present in the parish, and yet suffered the judgment to be executed without opposing the same. Pretermitting all reference to the fact that the plaintiffs herein, who were defendants in the suit in which the judgment was rendered, were minors, and still are minors, it may be said that they and their guardian were not present in the parish when the judgment ordering the partition was executed, but were absent from the state, and moreover that they did not suffer the judgment to be executed against them, for they knew nothing of it until after the partition sale. The case of Covas v. Bertoulin, 44 La. Ann. 683, 11 So. 143, cited by the defendant Woods, is not authority against this view.

[3, 4] The defendant Woods also contends that, since he purchased the property at the partition sale in good faith, he, a stranger to the partition suit, is protected by the decree of the court ordering the sale. The principle invoked by him has no application here. We may assume that he was an innocent purchaser at the sale; still the plaintiffs were innocent of fault in the matter. Where one of two innocent persons must suffer, he who makes it possible for the injury to occur must bear the consequences. It was Woods' duty to have ascertained before purchasing that the plaintiffs herein were constructively before the court, or in other words that the court had acquired jurisdiction as to them over the property in controversy before purchasing. Were the rule otherwise, it would make it possible for one to be deprived of his property without due process of law, simply because the record on its face seemed to indicate that there was such process. It may be observed, in this connection, that Woods might have ascertained easily the true state of facts from the sheriff's office, and also, we may assume, from the curator ad hoc.

[5, 6] Before closing, it should be observed that Woods filed an exception of no cause of action. It is clear, however, that plaintiffs show a cause of action, for they allege distinctly in an amended petition the ground of nullity considered by us. Woods also filed a plea of res adjudicata, based upon the judgment in the partition suit. However, since that judgment is the judgment attacked as null and void, it cannot operate in a suit to annul it as the thing adjudged.

Our conclusion is that the judgment ordering the partition and the sale that was had thereunder are null and void. So thought the trial judge, and he rendered judgment accordingly. He also rendered judgment maintaining plaintiffs in the possession of the property which they have had through tenants, since the entire tract was left them by will, notwithstanding the partition proceedings. Since the will by which plaintiffs acquired title has not been annulled, and since the disposition made them by the will has not been reduced to the disposable portion, granting that it exceeds it, we have concluded to maintain them in the quiet possession of the property.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the decree.