## BLUNSON v. BROCATO et al.*

### No. 5397.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

*Rehearing denied March 1, 1937.

J. F. Phillips, of Shreveport, for appellants.

W. B. Massey, of Shreveport, for appellee.

HAMITER, Judge.

Plaintiff seeks to annul and set aside a partition sale under which lot 59 of the Weinstock subdivision of the city of Shreveport, with improvements, was adjudicated to the defendant John Brocato.

The sale attacked was held under the authority of a judgment in cause No. 54704, styled Rosa Keith Blunson v. Abe Knighton, on the docket of the First judicial district court of Caddo parish. In her petition in that proceeding, Rosa K. Blunson, who is also plaintiff herein, alleged and asserted that she and Abe Knighton, defendant therein, owned the above-described lot and improvements in the proportion of one-half to each, and she prayed that a partition thereof by licitation be ordered. In his answer, defendant denied that she had any interest in the property, and asked a rejection of her demands. On the death of Abe Knighton, his sole heir at law, Mary B. Hatcher, was substituted for him. After a trial on the merits of that cause, the district court decreed:

"It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Rosa K. Blunson, and against the defendant, Mary Hatcher, sole heir of Abe Knighton, deceased, recognizing the plaintiff and defendant each, as the owner of an undivided one-half interest in and to

"Lot 59 of the Weinstock Subdivision of the City of Shreveport, Caddo Parish, Louisiana.

"It is further ordered, adjudged and decreed that the said property is not divisible in kind and that the same be partitioned by licitation by public sale to be made by the Sheriff and Ex-Officio Auctioneer of Caddo Parish, Louisiana, the costs of partition to be borne by the mass."

On an appeal to this court, perfected by the said Mary B. Hatcher, the quoted portion of the judgment was approved and affirmed. Blunson v. Knighton, 140 So. 302.

Thereafter, and particularly on August 2, 1932, Rosa K. Blunson caused the issuance of a commission to sell said property directed to the sheriff and ex officio auctioneer of Caddo parish. In the meantime, a portion of Mary B. Hatcher's interest was conveyed to her attorney. By reason of the commission to sell, the property was duly advertised. Before the adjudication, however, all parties interested consented and agreed that the sale should not be consummated, and it was called off. At a later date the remaining interest of Mary B. Hatcher was transferred to and acquired by her attorney.

On January 25, 1933, the above-mentioned commission was returned to the clerk of court.

Subsequently, the attorney who had represented Mary B. Hatcher, and who had acquired her undivided one-half interest, requested and ordered the said sheriff and ex officio auctioneer, without the knowledge and consent of Rosa K. Blunson, to sell the entire property for the purpose of effecting a partition thereof by licitation. The partition sale was accordingly held, and the property was purchased by the said John Brocato. Rosa K. Blunson refused to accept any portion of the proceeds of such sale. Later she instituted this suit in which the adjudication is attacked.

The principal contention made by plaintiff for the annulment of the sale is that the judgment authorizing the partition was exclusively her property, that she was en-titled to the complete and absolute control of it, and that the attorney who acquired Mary B. Hatcher's interest was without right and authority to order the sale under that decree.

Defendant, in his answer, affirmatively averred the validity of the adjudication. He also pleaded estoppel on plaintiff's part.

There was judgment in the trial court decreeing the judicial sale in question to be null and void, ordering the deed evidencing the adjudication canceled and erased from the records of Caddo parish, recognizing plaintiff as the owner of an undivided one-half interest in the lot and improvements, and sending her into possession of that interest. This appeal was then prosecuted by defendant John Brocato.

■ A reading of the clause of the judgment in cause No. 54704, which authorized a partition of the property by licitation, does not disclose whether such authority was granted to Rosa K. Blunson or to Mary B. Hatcher. However, judgments are construed and interpreted with reference to the pleadings in the suit. Davis v. McCain, 171 La. 1011, 132 So. 758; Peniston v. Somers, 15 La.Ann. 679; Succession of Regan, 12 La.Ann. 156. When the judgment provision in question is considered in the light of the pleadings in that cause, it is clear that permission for the effecting of the partition by licitation was extended solely in favor of plaintiff. It was she who brought the suit and prayed in her petition for the relief subsequently granted. The prayer of defendant therein was merely to the effect that plaintiff's demands be rejected.

■ There is a rule of law, recognized by the jurisprudence of this state, that the person in whose favor a final judgment is rendered is the owner thereof, and that he, or his agent, assignee, or subrogee, has the exclusive control of the issuance of an execution thereon, and he may order such execution at his option. 23 Corpus Juris, Verbo "Execution," p. 310; State ex rel. Southern Bank v. Pilsbury, 35 La.Ann. 408.

■ Accordingly, the judgment ordering the partition was the property of Rosa K. Blunson, plaintiff herein, and of no other person. She enjoyed the privilege of either causing its immediate execution or allowing it to remain unexecuted as long as she desired. There was nothing to compel her to proceed with the partition as

she originally intended. Obviously, she preferred that the property continue for a while in its undivided state. Possibly she was awaiting, as she had the right to do, a more propitious time for the offering of it, believing that by so waiting a greater pecuniary benefit could be realized from a partition sale.

When plaintiff's co-owner ordered the sale of the whole property, obviously proceeding under the belief that he was legally authorized to do so by the judgment, he acted without the approval or consent of plaintiff. His action in that respect was in violation of plaintiff's property rights, and the judicial sale was a nullity. If he desired a partition of the property, he had the right to apply for and obtain the necessary authority from the proper judicial tribunal, just as plaintiff did. "No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition." Civ.Code, art. 1289. But he did not seek or secure the required authority.

The record does not disclose whether or not the defendant Brocato was a good faith purchaser at the partition sale. If it be conceded, however, that he was an innocent purchaser, we think that, under authority of Haley v. Woods, 163 La. 911, 113 So. 144, 146, such status would afford him no relief. In the Haley Case the plaintiffs attacked a partition sale on the ground that the judgment ordering the sale was a nullity because of defective citation. The property had been purchased at the judicial sale by a stranger to the suit. In sustaining the attack, the Supreme Court said:

"The defendant Woods also contends that, since he purchased the property at the partition sale in good faith, he, a stranger to the partition suit, is protected by the decree of the court ordering the sale. The principle invoked by him has no application here. We may assume that he was an innocent purchaser at the sale; still the plaintiffs were innocent of fault in the matter. Where one of two innocent persons must suffer, he who makes it possible for the injury to occur must bear the consequences. It was Woods' duty to have ascertained before purchasing that the plaintiffs herein were constructively before the court, or in other words that the court had acquired jurisdiction as to them over the property in controversy before purchasing. Were the rule otherwise, it would make it possible for one to be deprived of his property without due process of law, simply because the record on its face seemed to indicate that there was such process. It may be observed, in this connection, that Woods might have ascertained easily the true state of facts from the sheriff's office, and also, we may assume, from the curator ad hoc."

It is contended that plaintiff is estopped herein for the reason that she had legal notice of the intended sale through the advertising of the property, and that she failed to enjoin the sale as she should have done. We think that this is without merit. As before stated, plaintiff was the owner of the judgment and had the exclusive right to control its execution. The constructive notice afforded by the newspaper advertisements in no manner affected her rights.

The judgment of the trial court is affirmed.